U.S. DISTRICT COURT
AUGUSTA DIV.

2011 SEP 28 AM 11:58

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| DEBBIE LLOYD DASH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 111-039 |
| | ) | |
| DR. ARTHUR B. CHASEN and | ) | |
| THE DEPARTMENT OF THE ARMY, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed the above-captioned case under the Federal Tort Claims Act ("FTCA") on March 25, 2011 and paid the full $350.00 filing fee. Because she was proceeding *pro se*, the Court provided her with some basic instructions regarding the development and progression of this case. (Doc. no. 4.) In those instructions, the Court explained that Plaintiff is responsible for serving the defendants and explained how service could be accomplished. (Id. at 1-3.) Moreover, the Court specifically informed Plaintiff that under Fed. R. Civ. P. 4(m), she had 120 days from the date the complaint was filed to accomplish service and that the failure to accomplish service could result in dismissal of individual defendants from the lawsuit. (Id. at 3.) In response to the Court's April 20, 2011 Instruction Order, Plaintiff notified the Court that she intended to bring suit against the Department of the Army alone.[1] (Doc. no. 5.)

---

[1] As Plaintiff did not move to amend her complaint to name only the Department of the Army, the caption reflects both of the Defendants named in her original complaint.

After the time in which to effect service had elapsed, and there was no evidence in the record that Defendants had been served, the Court directed Plaintiff to show cause why her case should not be dismissed without prejudice for failure to effect service. (Doc. no. 6.) In response, Plaintiff informed the Court that she had experienced a number of personal difficulties, and requested an extension for service. (Doc. no. 7.) On August 15, 2011, the Court then granted Plaintiff's request, and provided her with 30 additional days in which to effect service. (Doc. no. 8.) Plaintiff then filed a "Notice of Service on Defendants" in which she reports that she served a notice of the lawsuit, a request to waive service, and waiver of service via certified mail to the Army Headquarters at Fort Gordon. (Doc. no. 9.) However, despite this filing, there is no proof of proper service in the record.[2]

As the Court explained in its August 4, 2011 Show Cause Order and its Order granting Plaintiff a 30-day extension, under Fed. R. Civ. P. 4(m), the courts have discretion to extend the time for service with no predicate showing of good cause. (Doc. no. 6, p. 2 (citing Henderson v. United States, 517 U.S. 654, 662-63 (1996), and Horenkamp v. Van Winkle and Co., Inc., 402 F.3d 1129, 1132 (11th Cir. 2005)); doc. no. 8, p. 2 (same).) Moreover, if a plaintiff fails to show good cause for failing to timely effect service, a court "must still consider whether any other circumstances warrant an extension of time based on

---

[2] As the Court explained in its April 20th Instruction Order, for agencies of the United States subject to service under Fed. R. Civ. P. 4(i), proper service must be effected on (1) the civil process clerk at the office of the United States Attorney for the Southern District of Georgia; (2) Eric H. Holder, Jr., the Attorney General of the United States, Washington, D.C.; and (3) the officer or agency being sued. (Doc. no. 4, pp. 2-3.) Specifically, Plaintiff has not shown that she has served the civil process clerk of the United States Attorney for the Southern District of Georgia, nor has she shown proof of service on the Attorney General of the United States.

2

the facts of the case." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1282 (11th Cir. 2007). Nevertheless, the decision to extend the time for service is within the Court's sound discretion.

The Advisory Committee Note to Rule 4(m) provides some guidance as to factors that may justify an extension of time for service. Such considerations include if a defendant is evading service or if the statute of limitations would bar a refiled action. Horenkamp, 402 F.3d at 1132-33 (citing Advisory Committee Note to 1993 Amendment to Rule 4(m)). Here, there is no evidence of evasion of service. However, the applicable statute of limitations might bar a refiled action, as FTCA actions such as the instant one must be brought within two years after the claim accrues. See 28 U.S.C. § 2401(b); McCullough v. U.S., 607 F.3d 1355, 1356 (11th Cir. 2010).[3]

Nevertheless, the fact that dismissal could result in expiration of the statute of limitations does not necessarily require that the Court extend the time for service provided for under Fed. R. Civ. P. 4(m). See Horenkamp, 402 F.3d at 1133; see also Melton v. Wiley, 262 F. App'x 921, 924 (11th Cir. 2008) (*per curiam*) (affirming dismissal for failure to serve despite expiration of statute of limitations during pendency of case); Petrucelli v. Bohringer & Ratzinger, 46 F.3d 1298, 1306 (3d Cir. 1995) ("[A]bsent a finding of good cause, a district court may in its discretion still dismiss the case, even after considering that the statute of

---

[3] The Court is aware that the Eleventh Circuit has recognized that "[a] medical malpractice claim under the FTCA accrues when the plaintiff is, or in the exercise of reasonable diligence should be, aware of both [his] injury and its connection with some act of the defendant." McCullough, 607 F.3d at 1359 (citing Price v. United States, 775 F.2d 1491, 1494 (11th Cir. 1985). However, the Court makes no definitive finding in this case as to when Plaintiff's claim accrued, or whether a refiled claim would be time-barred.

3

limitations has run and the refiling of an action is barred."). Here, the Court finds no reason to again extend the time for service. Plaintiff filed her complaint approximately six months ago, and she has already been given the benefit of an extended time limit for effecting service. Yet there is no evidence that Plaintiff has made an attempt to properly effect service on Defendants.

The Court has warned Plaintiff on two separate occasions that failure to effect service would lead to dismissal of her case. (See doc. nos. 6, 8.) Accordingly, in light of the circumstances discussed above, the Court finds it appropriate to recommend the dismissal of Plaintiff's case, irrespective of whether a refiled claim would be time-barred. See Lepone-Dempsey, 476 F.3d at 1282. The Court therefore **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** without prejudice for failure to timely effect service and that this civil action be **CLOSED**. See Schnabel, 922 F.2d at 728-29.

SO REPORTED and RECOMMENDED this 28th day of September, 2011, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

4