IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| DEBBIE LLOYD DASH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 111-039 |
| | ) |
| DR. ARTHUR B. CHASEN and | ) |
| THE DEPARTMENT OF THE ARMY, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed (doc. no. 12). In an Order issued on April 20, 2011, the Magistrate Judge explained to Plaintiff her obligation to effect service on Defendants. (Doc. no. 4.) After the time in which to effect service had elapsed, and there was no evidence in the record that Defendants had been served, the Magistrate Judge directed Plaintiff to show cause why her case should not be dismissed without prejudice for failure to effect service. (Doc. no. 6.) Because Plaintiff responded that she had experienced a number of personal difficulties, she requested an extension of the service deadline. (Doc. no. 7.) The Magistrate Judge granted this request by allowing Plaintiff an additional 30 days in which to effect service. (Doc. no. 8.) Although Plaintiff then filed a "Notice of Service on Defendants" (doc. no. 9), the Magistrate Judge explained that there was still no proof of proper service in the record, and proceeded to

recommend dismissing Plaintiff's case for failure to timely effect service of process on Defendants.[1] (Doc. no. 10.)

In her objections to the R&R, Plaintiff states that she served the Department of the Army, but that she did not realize that she needed to serve Eric H. Holder, Jr., the Attorney General of the United States, Washington, D.C., and she thought she was to serve the Clerk of Court instead of the civil process clerk at the office of the United States Attorney for the Southern District of Georgia. (Doc. no. 12, pp. 2-3.) She further states that the Clerk of Court never informed her that she needed to serve these parties. (Id. at 2-3.) Moreover, Plaintiff states that the party she did serve – the Department of the Army – had sixty days from July 30, 2011 to respond to her request to waive service, but did not do so. (Id. at 3.) Plaintiff also states that the Clerk of Court informed her that she did not need to re-serve this party even though she was granted an extension.[2] (Id.) Plaintiff requests that she be allowed to re-serve all parties now that she understands what is required. (Id.)

---

[1] The Magistrate Judge noted that Plaintiff had been instructed in an Order issued April 20, 2011 that for agencies of the United States subject to service under Fed. R. Civ. P. 4(i), proper service must be effected on: (1) the civil process clerk at the office of the United States Attorney for the Southern District of Georgia; (2) Eric H. Holder, Jr., the Attorney General of the United States, Washington, D.C.; and (3) the officer or agency being sued. (Doc. no. 4, pp. 2-3.) Specifically, the Magistrate Judge noted that there was no proof that Plaintiff had effected service on either the civil process clerk at the office of the United States Attorney for the Southern District of Georgia or on the Attorney General of the United States. (Doc. no. 10, p. 2.)

[2] Plaintiff also objects to the Magistrate Judge's observation that the caption on the docket continues to reflect the names of both Defendants named in Plaintiff's complaint because Plaintiff did not amend her complaint to name only the Department of the Army. (Doc. no. 12, p. 2.) However, as this correct observation had no bearing on the Magistrate Judge's recommendation to dismiss Plaintiff's case based on service, this objection is **OVERRULED**.

The Court finds that Plaintiff's objections do not warrant departing from the conclusions in the R&R. Plaintiff admits that she did not effect service on Eric H. Holder, Jr., and incorrectly served the Clerk of Court. (Id. at 2-3.) Plaintiff's assertion of ignorance of her obligation to properly effect service is contradicted by the Magistrate Judge's Order that clearly notified Plaintiff that she was responsible for effecting service and explained how to fulfill that responsibility under Fed. R. Civ. P. 4. (See doc. no. 4.) Plaintiff's argument that the Department of the Army has not waived service likewise does not warrant departing from the conclusions in the R&R. The Magistrate Judge's April 20th Order also notified Plaintiff that even if a defendant chooses not to waive formal service of process, she is still responsible for properly effecting service. (See doc. no. 4, p. 2 (citing Fed. R. Civ. P. 4(c)(1).) Plaintiff's alleged confusion is insufficient to excuse her failure to effect service, or to justify her request for an opportunity to re-serve all parties. Thus, Plaintiff's objections are **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's complaint is **DISMISSED** without prejudice for failure to timely effect service, and this civil action is **CLOSED**.

SO ORDERED this 28th day of November, 2011, at Augusta, Georgia.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3